Joseph Kanarky
vs. } No. 43412
Phillips Wire Co., Appt.

Elias Kanarky
vs. } No. 43416
Phillips Wire Co., Appt.

RESCRIPT

March 10, 1919

BLODGETT, J. These two cases, tried together, were heard upon motions for a new trial by the plaintiffs on the ground of inadequate damages.

Elias Kanarky, a driver of the automobile which was damaged in a collision with a car belonging to defendant, brought action for personal damages.

Joseph Kanarky, owner of the car damaged, brought action for damages to the car.

Elias recovered a verdict for $50.

Joseph recovered a verdict for $100.

The jury, in returning verdicts in both cases for plaintiffs respectively, and in a third case tried at the same time brought by the Phillips Wire Co. against Elias Kanarky, by bringing in a verdict for defendant, evidently determined the question of negligence in favor of the plaintiff Elias.

As to amount of damages in the case of injury to the car, there was no contradictory testimony. The bill for repairs to the Kanarky car was testified to as $230.85. The amount of the verdict returned by the jury was $100.

### 340

In the case of Elias Kanarky, the driver, the uncontradicted testimony is that a rib was broken and there was a loss of wages of one month at $15 per week, and a doctor's bill between $35 and $40.

The jury returned a verdict for $50.

338, 339, 340

The verdict was apparently a compromise as to amount and not in accordance with uncontradicted evidence.

New trial granted in each case upon the question of damages.

For plaintiff: T. P. Corcoran.

For defendant: Gardner, Pirce and Thornley.

---

### 341

Herman Rosen
vs. } No. 42289
Byron H. Nixon

DECISION

May 10, 1919

BLODGETT, J. Heard, jury trial waived.

Plaintiff testifies that he left his automobile on Francis Street, Providence, with the front of his car against the curb.

Defendant occupied the space next to car of plaintiff, and in backing out testified that the bumper on his car caught the mud guard of plaintiff's car and bent same, and that this was the extent of damage to car of plaintiff.

As to the damage the defendant was corroborated by the caretaker of this location.

It is not clear how such damages claimed by plaintiff could have been done, as, for instance, a leak in the radiator.

Nor is there any separate charge for the bending of the mud guard by the person who repaired the car.

Decision for plaintiff for $10.

For plaintiff: Robinson & Robinson.

For defendant: Murphy, Hagan & Geary.

---

### 342

Catherine Rivard
vs. } No. 43122
Percy O. Cook

DECISION

May 14, 1919

BROWN, J. The plaintiff's automobile, driven by her husband August 30, 1917, about 8:25 P. M., was passing along Elmwood Avenue, in

340, 341, 342

the direction of Auburn. When about opposite the main entrance to Roger Williams Park, near Carlyle Street, the defendant's automobile passing in the opposite direction collided with it, doing the damage complained of.

It was raining at the time, quite dark, and the highway was slippery. The drivers of the two automobiles saw each other when about 40 feet apart.

Douat J. Rivard, the driver of the plaintiff's machine, testified that his machine was on the right hand side of the street at the time, about 6 feet from the right curb; that he slowed down and was almost at a stop because he was blinded by the lights on the defendant's machine; that the defendant's machine cut across the street in a diagonal manner and collided with the plaintiff's, doing the damage.

Richard Hopkins, who resides at 14 Carlyle Street, about 300 or 400 feet from the entrance to the Park, heard from his home the noise of the collision and hastened to the place. He saw the two cars and examined the tracks. The tracks made by the Rivard car were 2 or 3 feet from the right hand curbing and to the right of the center of the street. He further testified:

Q. Did you notice the tracks of Mr. Cook's car just before it came into collision with Mr. Rivard's car?

A. The track looked as if he was swinging right over to Mr. Rivard's car coming down Elmwood Avenue.

### 343

John Vigneron who was in the car with Mr. Rivard testified as follows:

Q. Which side of the street (was the car when the accident happened)?

A. We were on the right hand side about 6 feet from the curbing.

The great preponderance of the evidence was that the plaintiff's car was on the right hand side of the street and that the defendant's car cut across the street and collided,

causing the damage.

The defendant's contention that the plaintiff's car cut across and collided with him, or that the accident was inevitable is not sustained by the evidence. The verdict rendered is against the great weight of the evidence.

The plaintiff's motion for a new trial is granted.

For plaintiff: T. M. O'Reilly.

For defendant: Archambault & Jalbert.